IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL DUANE EDWARDS, and BRANDY MICHELLE CHERRY, <br><br> Plaintiffs, <br><br> vs. <br><br> CODY WILEY, <br> MICHAEL HALUCH, <br> DANNY ALLISON, <br> DYLAN PRATHER, <br> WOODROW HALL, <br> PHILIP TAMBURELLO, <br> THOMAS COPPOTELLI, <br> GERALD W. SCOTT SR., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 21-cv-1388-DWD |

## ORDER STRIKING COMPLAINT

**DUGAN, District Judge:**

On November 5, 2021, Plaintiffs Carl Duane Edwards and Brandy Michelle Cherry filed a Complaint against Defendants, Cody Wiley, Michael Haluch, Danny Allison, Dylan Prather, Woodrow Hall, Philip Tamburello, Thomas Coppotelli, and Gerald W. Scott Sr., asserting alleged civil rights violations related to at least three encounters with Defendants.[1]  This matter is before the Court on Plaintiff Carl Duane Edwards' Motion for Leave to Proceed *in forma pauperis* (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5).  Plaintiff Brandy Michelle Cherry has not joined in these motions.

---

[1] Plaintiffs also list the City of Caseyville and Caseyville Police Department as Defendants in the case caption of their Complaint, although these Defendants are not identified in the body of the Complaint.

1

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Upon a showing of indigency, the Court must screen the indigent plaintiff's complaint under Section 1915(e)(2) and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Prior to conducting a full screening of Plaintiffs' Complaint here, the Court will first address preliminary deficiencies with the Complaint. Federal Rule of Civil Procedure 11 provides that "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *See* Fed. R. Civ. P. 11. Accordingly, as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign all documents for themselves. *See Lewis v. Lenc-Smith Mfg. Co.*, 785 F.2d 829, 831 (7th Cir. 1986). Plaintiff Cherry has not signed the Complaint filed in this action. As such, Rule 11 requires the Court to strike the complaint "unless the omission is promptly corrected." *See* Fed. R. Civ. P. 11(a).

Plaintiffs' Complaint (Doc. 2) is therefore **STRIKEN**. Plaintiffs are **GRANTED** leave to refile their Complaint, but it must be properly signed. Plaintiffs may refile their Complaint on or before **December 9, 2021**. The Clerk of the Court is **DIRECTED** to return

the original of a copy of Doc. 2 to Plaintiffs along with this Order. **Failure to timely refile the complaint will result in dismissal of this action.** Until that time, the Court **RESERVES RULING** on Plaintiff Edwards' Motion for Leave to Proceed *in forma pauperis* (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5).

Plaintiffs are further **WARNED** that a non-attorney cannot file or sign papers for another litigant. Similarly, indigent litigants are not permitted to file joint motions for leave to proceed *in forma pauperis* and instead each plaintiff must file a separate motion. *See Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 340 (1948); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Sturdevant v. Deer*, 69 F.R.D. 17, 18 (E.D. Wis. 1975). Accordingly, should Plaintiff Cherry seek to proceed in this matter *in forma pauperis*, Cherry must file a separate motion.

Should Plaintiffs refile their Complaint in this matter, Plaintiffs are **DIRECTED** to clarify the names of the Defendants in this matter. Specifically, Plaintiffs are to reconcile the list of Defendants identified in the case caption of their Complaint with the Defendants identified in the body of the Complaint.

Plaintiffs are also **DIRECTED** to submit documentation related to any of their ongoing criminal proceedings in St. Clair County, Illinois. In their Complaint, Plaintiffs allege violations of their constitutional rights under 42 U.S.C. § 1983, including claims for unlawful arrests, unlawful search and/or seizure of private property, and malicious prosecution. Edwards also alleges that because of these unlawful violations of his constitutional rights, Defendants charged him with the offense of resisting a peace officer.

In his Motion for Recruitment of Counsel, Edwards also states that he has pending charges for resisting arrest and obstruction (Doc. 4, at p. 37).

Electronic records publicly available from the St. Clair County, Illinois' Circuit Clerk website show three pending cases against Edwards, including two petty offenses for resisting arrest and disorderly conduct, and one misdemeanor charge for resisting a peace officer.  *See Caseyville v. Carl D. Edwards*, 21-OV-1627 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 21-OV-1628 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 20-CM-2957 (St. Clair County, IL).  An individual by the name of Brandy M. Cherry also has a pending misdemeanor charge in St. Clair County, Illinois for resisting arrest. *See Caseyville v. Brandy M. Cherry*, 21-CM-1231 (St. Clair County, IL).[2]

Accordingly, some of Plaintiffs' claims in this matter appear related to these state court charges and may ultimately implicate this Court's jurisdiction.  Specifically, depending on the status of Plaintiffs' criminal proceedings, Plaintiffs' claims may require dismissal or otherwise be barred from proceeding.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) (in order to recover damages for allegedly unconstitutional convictions or imprisonments, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus); *see also TruServ Corp. v. Flegles, Inc.*, 419

---

[2] The Court "has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include 'proceedings in other courts, both within and outside of the federal judicial system if the proceedings have a direct relation to matters at issue." *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996).

F.3d 584, 590 (7th Cir. 2005) (the *Rocker-Feldman* doctrine provides that district courts have no power to review final judgments of a state court in judicial proceedings)).

Therefore, in order to properly screen Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2)(B), this Court must consider the implications of Plaintiffs' criminal proceedings. Plaintiffs are therefore **DIRECTED** to submit documentation to the Court which may assist the Court with its review. This documentation must be attached to any refiled complaint and is due on or before **December 9, 2021**.

**SO ORDERED.**

Dated: November 9, 2021

_____
DAVID W. DUGAN
United States District Judge