IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL DUANE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1388-DWD |
| | ) |
| CODY WILEY, | ) |
| MICHAEL HALUCH, | ) |
| DANNY ALLISON, | ) |
| DYLAN PRATHER, | ) |
| WOODROW HALL, | ) |
| PHILIP TAMBURELLO, | ) |
| THOMAS COPPOTELLI, | ) |
| GERALD W. SCOTT SR., | ) |
| GARY CROWE, | ) |
| VILLAGE OF CASEYVILLE, IL, and | ) |
| MICHAEL REEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER STAYING CASE

**DUGAN, District Judge:**

Plaintiff Carl Duane Edwards filed his *pro se* amended complaint pursuant to 42 U.S.C. § 1983.  Now before the Court are Plaintiff's Motions for Leave to Proceed *in forma pauperis* ("IFP") (Docs. 3, 10), Motions for Recruitment of Counsel (Docs. 4, 9), and Motions for Service of Process at Government Expense (Docs. 5, 8).  Plaintiff claims that the Village of Caseyville, Illinois, and its various employees and officers have violated several of his constitutional rights.

Plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915(h), nonetheless, a federal court may allow a civil case to proceed without prepayment of fees if an IFP applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1).  *Rowe v. Shake*,

1

196 F.3d 778, 783 (7th Cir. 1999) (District courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. The district court may screen the complaint prior to service on the defendants and must dismiss the complaint if it fails to state a claim."). Two issues must be resolved before *in forma pauperis* status can be granted. First, the plaintiff must show that he is indigent by submitting an affidavit that "includes a statement of all assets [he] possess [showing] that [he] is unable to pay such fees or give security therefor"; and second, plaintiff's complaint must not be clearly frivolous or malicious, must state a claim on which relief may be granted, and may not seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Upon review of Plaintiff's financial affidavit, the Court is satisfied that Plaintiff is indigent. However, the second prong requires additional review. To proceed *in forma pauperis*, Plaintiff's complaint must state a claim on which relief may be granted. An action states a claim upon which relief can be granted if it does not plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering the claims in a *pro se* complaint, the factual allegations must be liberally construed in favor of the plaintiff. *Rodriguez v. Plymouth Amb. Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his amended complaint, Plaintiff alleges that Caseyville and various of its police officers and leaders have engaged in multiple violations of his constitutional rights. These alleged violations stem from at lease six separate incidents in 2020 and 2021.

*First*, on September 10, 2020, Officers Hall, Wiley, Coppotelli, and Crowe approached Plaintiff and his partner at Plaintiff's home in Caseyville, Illinois, and falsely accused Plaintiff of unlawfully brandishing a firearm. Plaintiff denied having a firearm, yet Officer Wiley placed Plaintiff in handcuffs. The police report for the incident contained false information and did not indicate that Plaintiff had been placed under arrest. Following this incident factual details about the arrest and did not indicate that Plaintiff had been placed under arrest.

*Second*, on October 7, 2020, Officers Wiley and Haluch came to Plaintiff's residence and threatened to tase Plaintiff if he did not come outside. Plaintiff opened the door and Officers Wiley and Haluch grabbed Plaintiff, dragging him out of his home and pushing him to his stomach on his porch. Officer Haluch entered Plaintiff's home without a warrant and picked up Plaintiff's 22-month-old daughter. Officers Wiley Haluch, and Reel searched Plaintiff's pockets and home, taking property from his home and causing damage to the inside of Plaintiff's residence. Officer Allison removed Plaintiff's dog from his home. Officer Wiley transported Plaintiff to Caseyville Police Station. Plaintiff claims that the officers lied in the narrative for the police incident. Following the encounter, Plaintiff was subsequently charged with resisting a peace officer in St. Clair County, Illinois.

*Third*, on May 6, 2021, Plaintiff was approached by a neighbor at his residence. The neighbor threatened violence against Plaintiff and his family, and another individual blocked Plaintiff's driveway which his vehicle. Officers Tamburello and Allison arrived at Plaintiff's property and ignored Plaintiff's requests for help.

*Fourth*, on June 7, 2021, Plaintiff and his partner submitted a formal complaint to the Federal Bureau of Investigation's office in Fairview Heights concerning the Caseyville Police Department. Later that day, Officers Hall and Prather arrested Plaintiff and his partner while Plaintiff inside his grandmother's house in Caseyville, Illinois. Defendants did not tell Plaintiff why he was arrested and threatened violence against him multiple times. Officer Prather further shoved Plaintiff's relatives and two-year-old daughter into an entertainment stand inside the residence. Plaintiff was charged with disturbing the peace and resisting arrest.

*Fifth*, on November 16, 2020, Plaintiff and his partner submitted complaints against the Caseyville Police Department to Coppotelli, Caseyville's Chief of Police, concerning Plaintiff's arrest on October 7, 2020. Coppotelli did not take actions to resolve this complaint, and Plaintiff continues to have issues with police officers and Coppotelli.

*Sixth*, on June 8, 2021, Plaintiff and his partner attempted to contact Caseyville's Village President, Gerald W. Scott, Sr. about Plaintiff's encounters with the police department, but Scott refused to take any action concerning the incidents.

As a result of these incidents, Plaintiff claims he has suffered a concussion and other medical conditions and cannot maintain employment. Plaintiff and his family now suffer from mental anguish, anxiety, and paranoia. Plaintiff seeks compensatory

4

damages in the amount of 3.1 million dollars, punitive damages in the amount of $500,000, and injunctive relief.  Based on the allegations in the complaint, and for the purposes of this order, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed.   The designation of these counts does not constitute an opinion as to their merit.

> **Count 1**: Defendants Hall, Wiley, Coppotelli, and Crowe violated Plaintiff's Fourth Amendment rights by placing him under arrest without a warrant or probable cause on September 10, 2020 and for using excessive force.
>
> **Count 2**: Defendants Wiley, Haluch, and Reel violated Plaintiff's Fourth Amendment rights by forcing their way onto Plaintiff's property and arresting him without a warrant or probable cause on October 7, 2020.
>
> **Count 3**: Defendant Allison violated Plaintiff's Fourth Amendment right by removing Plaintiff's personal property from his home without a warrant or probable cause.
>
> **Count 4**: Defendants Tamburello and Allision violated Plaintiff's Fourth Amendment rights by failing to intervene to protect Plaintiff from his neighbor on May 6, 2021.
>
> **Count 5**: Defendants Hall and Prater violated Plaintiff's First and Fourth Amendment rights by placing Plaintiff under arrest without a warrant or probable cause, with excessive force, and in retaliation for Plaintiff submitting a complaint to the FBI on June 7, 2021.
>
> **Count 6**: Defendant Coppotelli violated Plaintiff's Fourth Amendment rights by failing to intervene to protect Plaintiff from ongoing abuse by Caseyville and its police officers and/or further permitted the abuse to continue.
>
> **Count 7**: Defendant Scott violated Plaintiff's Fourth Amendment rights by failing to intervene to protect Plaintiff from ongoing abuse by Caseyville and its police officers and/or further permitted the abuse to continue.

>**Count 8**: Defendants Hall, Wiley, Coppotelli, Crow, Haluch, Reel, and Allison submitted false statements in the police reports for the incidents on September 10, 2020 and October 7, 2020.
>
>**Counts 9**: Malicious prosecution by Caseyville resulting from Plaintiff's arrests on September 10, 2020 and October 7, 2020.

**Counts 1, 2, 3, 5, and 9** may present viable constitutional claims, but for the reasons explained below, it would be improper for this Court to consider these claims at this time. **Counts 4, 6, 7, and 8** will be dismissed without prejudice for a failure to state a claim upon which relief may be granted.

## Discussion

Plaintiff alleges that he was falsely arrested in relation to Counts 1, 2, 3, 5, and 9 of his complaint. Electronic records publicly available from the St. Clair County, Illinois' Circuit Clerk website confirm there are three pending cases against Plaintiff, including two petty offenses for resisting arrest and disorderly conduct, and one misdemeanor charge for resisting a peace officer. *See Caseyville v. Carl D. Edwards*, 21-OV-1627 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 21-OV-1628 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 20-CM-2957 (St. Clair County, IL). [1] From the available records, it appears these cases are still pending with hearings currently scheduled for March 2022. *Id.*

---

[1] The electronic docket information for these cases is available at: https://www.co.st-clair.il.us/departments/circuit-clerk/courts/criminal-records (last visited January 27, 2022). The Court "has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include 'proceedings in other courts, both within and outside of the federal judicial system if the proceedings have a direct relation to matters at issue." *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996).

Because these state proceedings are still pending, the Court must first undertake an abstention analysis. Under the abstention doctrine outlined in *Younger v. Harris,* 401 U.S. 37 (1971), a federal court must abstain from interfering in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (7th Cir.2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436–37 (1982) and *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir.1998)). The *Younger* abstention doctrine is implicated here, because Plaintiffs' ongoing state proceedings are judicial in nature and involve the important state interest of adjudicating violations of state criminal and municipal laws. Further, there is no indication that the state proceedings would not provide Plaintiff with an adequate opportunity for review of any constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

Therefore, even if **Counts 1, 2, 3, and 5** present colorable claims under § 1983, this Court must stay Plaintiff's claims while the state actions are pending. *See Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013) (holding that district court was required to stay, as opposed to dismiss, under *Younger* abstention doctrine, detainee's § 1983 claims of damages resulting from illegal searches, seizures, and detentions, because monetary relief was not available in his defense of criminal charges and because his claim could become time-barred). Moreover, because the Court finds that abstention is warranted here, it is inappropriate for the Court to fully address the merits of those

7

counts at this time. *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992) (holding that "it is not appropriate to address the merits in a case to which *Younger* applies" because "[t]o say that abstention is in order ... is to say that federal courts should not address the merits, period"); *Hall v. Schwartz*, No. 15-CV-00585-DRH, 2015 WL 3862553, at *2 (S.D. Ill. June 22, 2015) ("the *Younger* doctrine denies this Court the equitable discretion to even reach the merits"). Accordingly, based on the information currently available to the Court, Plaintiff's **Counts 1, 2, 3, 5, and 9** survive screening, but will be **STAYED** pursuant to the *Younger* doctrine until the entry of final judgment in Plaintiff's state proceedings in *Caseyville v. Carl D. Edwards*, 21-OV-1627 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 21-OV-1628 (St. Clair County, IL); *Caseyville v. Carl D. Edwards*, 20-CM-2957 (St. Clair County, IL) or until such other time as the Court may determine.

However, **Counts 4, 6, 7 and 8** will be dismissed, without prejudice, for a failure to state a claim. Specifically, as to **Count 4**, in order to state a claim for failure to act, Plaintiff must allege some failure to intervene in the violation of Plaintiff's constitutional rights. Plaintiff alleges that Officers Tamburello and Allison failed to intervene to protect Plaintiff from Plaintiff's neighbor's actions. Plaintiff has not alleged that he was suffering from a constitutional right violation at the time Officers Tamburello and Allison arrived at his property or that Defendants otherwise failed to act with deliberate or reckless disregard of Plaintiff's constitutional rights. *See, e.g.*, *Miller v. Smith*, 220 F.3d 491 (7th Cir. 2000) ("An official satisfies the personal responsibility requirement of § 1983 if she acts *or fails to act* with a deliberate or reckless disregard of the plaintiff's constitutional rights. Under this rule, police officers who have a realistic opportunity to step forward and

8

prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so have been held liable.") (internal citations and quotations omitted) (emphasis in original). Count 4 will therefore be dismissed, without prejudice.

For **Counts 6 and 7**, in order for an individual to be liable under § 1983, the defendant "must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Plaintiff does not allege any direct participation by Coppotelli in the constitutional violations underlying his arrest on October 7, 2020 or the further incidents Plaintiff complains of following his submission of a complaint to Coppotelli on November 16, 2020. Accordingly, Plaintiff fails to state a claim against Coppotelli upon which relief may be granted. Likewise, Plaintiff does not allege that Scott had any direct participation in the constitutional violations before or after Plaintiff submitted his complaint on June 8, 2021. Accordingly, **Counts 6 and 7** shall be dismissed without prejudice.

**Count 8** will also be dismissed without prejudice. Plaintiff disputes a number of the statements included in the various police reports for the incidents leading up to Plaintiff's arrest. However, false statements in a document, in and of themselves, do not violate any constitutional right. If Plaintiff is concerned about the possible use of allegedly false statements in his state court trial, the admissibility of the document would be a matter for the trial judgment to determine in his or her sound discretion at the time the document is sought to be introduced. At this time, there is no cognizable

constitutional claim based on the allegedly false statements.  Therefore, **Count 8** shall be dismissed without prejudice.

## Motions for Recruitment of Counsel

Plaintiff also asks to have counsel appointed on his behalf.  When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.  *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  Presently, Plaintiff appears to have made sufficient attempts to retain counsel on his behalf, satisfying the first prong.  However, the Court is not inclined to appoint counsel at this time.  Plaintiff's filings in this matter show he can articulate clearly and effectively on his own behalf.  Further, as this case will be stayed pending the outcome of Plaintiff's state court proceedings, the claims at this time have no apparent complexity requiring counsel.   Plaintiff's Motions (Docs. 4, 9) are therefore **DENIED, without prejudice**. Plaintiff may renew his request by filing another motion if circumstances change and it becomes necessary to do so as the case progresses once the stay of proceedings is lifted.

## Disposition

For the above stated reasons, the Court **GRANTS** Plaintiff's Motions for IFP (Docs. 3, 10) and Motions Service of Process at Government Expense (Docs. 5, 8).  **The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).**

Plaintiff's Motions for Recruitment of Counsel (Docs. 4, 9) are **DENIED, without prejudice.**

**Counts 1, 2, 3, 5, and 9** survive screening. The Court **DIRECTS** the Clerk of Court to prepare and issue summonses for **Defendants Woodrow Hall, Cody Wiley, Thomas Coppotelli, Gary Crowe, Michael Haluch, Michael Reel, Danny Allison, Dylan Prater, and the Village of Caseyville, Illinois**, and provide Plaintiff with USM-285 forms. Plaintiff shall provide the United States Marshals Service with the summons, completed USM-285 forms, and sufficient copies of the Amended Complaint and this Order for service. Upon receipt of the USM-285 forms, copies of the Amended Complaint, and this Order from Plaintiff, the Clerk is **DIRECTED** to deliver service packets for each named Defendant to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents from Plaintiff, and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, amended complaint (Doc. 7), and this Order upon the Defendants in any manner consisted with Rule 4, as directed by the Plaintiff. Costs of service shall be borne by the United States.

**Counts 4, 6, 7, and 8** are **DISMISSED, without prejudice** for a failure to state a claim upon which relief may be granted. As such, Defendants Philip Tamburello and Gerald W. Scott Sr. are **DISMISSED, without prejudice**. The Court of Clerk is **DIRECTED** to terminate Defendants Tamburello and Scott from the docket sheet.

Because the only remaining counts in this matter must be stayed until the conclusion of Plaintiff's state court proceedings, the entire action is likewise **STAYED**.

The stay shall go into effect after Defendants are served.  **Defendants shall NOT be required to answer the Complaint until the stay is lifted.**

Plaintiff is **DIRECTED** to file a status report with the Court within fourteen (14) days after the conclusion of his state proceedings, which includes the conclusion of any direct review on appeal.  In the status report, Plaintiff must detail whether or not he intends to proceed with this action. Upon receipt of a status report from Plaintiff, the Court will evaluate whether there is no longer a need to abstain.  If there is no longer a need to abstain, the Court will reopen this action and issue a scheduling order and include the time allowed for Defendants to answer the complaint.  This screening order in no way limits any potential defenses Defendants may assert against the amended complaint once the Stay is lifted.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

**SO ORDERED.**

Dated: February 2, 2022

_____
DAVID W. DUGAN
United States District Judge