IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL DUANE EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-1388-DWD |
| | ) |
| **CODY WILEY,** | ) |
| **MICHAEL HALUCH,** | ) |
| **DANNY ALLISON,** | ) |
| **DYLAN PRATHER,** | ) |
| **WOODROW HALL,** | ) |
| **THOMAS COPPOTELLI,** | ) |
| **GARY CROWE,** | ) |
| **VILLAGE OF CASEYVILLE, IL, and** | ) |
| **MICHAEL REEL,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**DUGAN, District Judge:**

On February 2, 2022, the Court entered an order screening Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915 and staying this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until after the entry of final judgment in Plaintiff's pending state court proceedings (Doc. 11). On March 28, 2022, Plaintiff Carl Duane Edwards filed a Status Report raising concerns with his ongoing state court proceedings (Doc. 14). Plaintiff also alludes to speedy trial concerns, and requests that this Court lift the stay in this matter.

The Court will not lift the stay for the reasons cited in the Order Staying Case at Doc. 11. Moreover, the Court observes that Plaintiff does not appear to be in custody while he awaits trial on his pending charges. Therefore, to the extent Plaintiff seeks to

1

invoke this Court's habeas jurisdiction under 28 U.S.C. § 2241 (permitting federal courts in certain instances to have jurisdiction to grant writ to pre-trial detainees in state court custody), his request is procedurally deficient and cannot be raised in this civil action. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983) ("Custody is a jurisdictional requirement for bringing a . . . suit as a habeas corpus suit under 28 U.S.C. §§ 2241 *et seq.* rather than as a civil rights suit under 42 U.S.C. § 1983."). Further, to the extent speedy trial issues are applicable to Plaintiff's state proceedings, state courts are competent to address speedy trial rights, and this Court will assume that state procedures will provide Plaintiff with an adequate remedy in the absence of unambiguous authority to the contrary. *See FreeEats.com v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007). **Accordingly, this matter remains STAYED pursuant to the Order at Doc. 11.**

Finally, in reviewing this matter, the Court observes that all defendants remain unserved. The Court previously granted Plaintiff's Motion for Service of Process at Government Expense and instructed Plaintiff on how to obtain service of process (*See* Doc. 11). On February 7, 2022, summonses and USM-285 forms for each defendant were mailed to Plaintiff for completion and return. The Court's records do not reflect that Plaintiff has returned these service documents.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." **If Plaintiff still intends to have process served by the United States**

**Marshals Service, Plaintiff is DIRECTED to complete and return the summonses and USM-285 forms to the Clerk's office for service of process by April 12, 2022**.

Alternatively, if Plaintiff no longer intends to have process served by the United States Marshals Service, Plaintiff is **DIRECTED** to provide a status report to the Court by **April 12, 2022** confirming this abandonment of service by the United States Marshals Service and detailing Plaintiff's efforts to otherwise secure service on all Defendants. **Failure to comply with this Order may result in dismissal of this action for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41.**

SO ORDERED.

Dated: March 29, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge