IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL DUANE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1388-DWD |
| | ) |
| CODY WILEY, | ) |
| MICHAEL HALUCH, | ) |
| DANNY ALLISON, | ) |
| DYLAN PRATHER, | ) |
| WOODROW HALL, | ) |
| THOMAS COPPOTELLI, | ) |
| GARY CROWE, | ) |
| VILLAGE OF CASEYVILLE, IL, and | ) |
| MICHAEL REEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER LIFTING STAY

**DUGAN, District Judge:**

On February 2, 2022, the Court entered an order screening Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915 and staying this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until after the entry of final judgment in Plaintiff's pending state court proceedings (Doc. 11). Now before the Court is Plaintiff's Status Report (Doc. 25) and Motion for Recruitment of Counsel (Doc. 24). In his status report, Plaintiff states that his pending criminal proceedings in St. Clair County, Illinois have been resolved with the following resolutions:

*Caseyville v. Carl D. Edwards*, 21-OV-1627: Resisting Arrest – dismissed pursuant to plea negotiations;

*Caseyville v. Carl D. Edwards*, 21-OV-1628: Disorderly Conduct – guilty plea; sentenced to six months court supervision; and

1

> *Caseyville v. Carl D. Edwards*, 20-CM-2957: Resisting a Peace Officer – dismissed pursuant to plea negotiations.

(Doc. 25-1). Accordingly, Plaintiff asks that the Court to lift the stay in this action and proceed with his Complaint.

The Court previously concluded that the following claims provisionally survived dismissal under 28 U.S.C. § 1915A:

> **Count 1**: Defendants Hall, Wiley, Coppotelli, and Crowe violated Plaintiff's Fourth Amendment rights by placing him under arrest without a warrant or probable cause on September 10, 2020 and for using excessive force.
>
> **Count 2**: Defendants Wiley, Haluch, and Reel violated Plaintiff's Fourth Amendment rights by forcing their way onto Plaintiff's property and arresting him without a warrant or probable cause on October 7, 2020.
>
> **Count 3**: Defendant Allison violated Plaintiff's Fourth Amendment right by removing Plaintiff's personal property from his home without a warrant or probable cause.
>
> **Count 5**: Defendants Hall and Prater violated Plaintiff's First and Fourth Amendment rights by placing Plaintiff under arrest without a warrant or probable cause, with excessive force, and in retaliation for Plaintiff submitting a complaint to the FBI on June 7, 2021.
>
> **Counts 9**: Malicious prosecution by Caseyville resulting from Plaintiff's arrests on September 10, 2020 and October 7, 2020.

(Doc. 11). However, the Court did not conduct a full screening of the claims because it found abstention appropriate, and stayed this matter until the entry of final judgments in Plaintiff's state proceedings.

As Plaintiff reports his state court proceedings have now been dismissed or resolved, abstention is no longer appropriate. Accordingly, the Court finds it appropriate

to lift the stay of proceedings. Moreover, in reviewing the limited record before the Court, the Court observes that two of Plaintiff's underlying state court proceedings did not result in convictions but were dismissed (Doc. 25-1). Thus, there is no obvious conflict with the doctrines articulated in *Rocker-Feldman* (providing that district courts have no power to review final judgments of a state court in judicial proceedings) and *Heck v. Humphrey*, 512 U.S. 477 (1994) (in order to recover damages for allegedly unconstitutional convictions or imprisonments, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal writ of habeas corpus).

Moreover, Plaintiff brings claims for false arrest and excessive force. These claims, even if they related to Plaintiff's state-court conviction, are not always barred by *Heck*. *See Booker v. Ward*, 94 F.3d 1052 (7th Cir. 1996) (Section 1983 false arrest claim does not necessarily undermine criminal conviction because one can have a perfectly successful wrongful arrest claim and still have a perfectly valid conviction); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010) (Section 1983 excessive force claim was not barred by plaintiff's prior conviction for resisting arrest because the civil claim was based on the allegation that excessive force was used after the plaintiff was subdued).

In considering the limited record before the Court, and construing the factual allegations in the *pro se* Complaint (Doc. 7; Doc. 11) liberally, *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), the Court finds that Counts 1, 2, 4, 5, and 9 survive review under 28 U.S.C. § 1915A. Accordingly, the Court hereby **LIFTS** the

stay of proceedings in this matter. Defendants are **DIRECTED** to answer or otherwise respond to the Amended Complaint by **November 11, 2022**. Defendants need only respond to the issues stated in the Court's February 2, 2022 screening order (*See* Doc. 11). By separate Order, the Court will set this matter for a scheduling conference.

### Motion for Recruitment of Counsel

Plaintiff also asks to have counsel appointed on his behalf. When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. See *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The Court previously found that Plaintiff had made sufficient attempts to retain counsel on his behalf, satisfying the first prong (Doc. 11). However, the Court is still not inclined to appoint counsel at this time. Plaintiff's filings in this matter continue to show that he can articulate clearly and effectively on his own behalf. Further, as the case is still in its infancy, there is currently no apparent complexity requiring counsel. Plaintiff's Motion (Doc. 24) is therefore **DENIED, without prejudice**. Plaintiff may renew his request by filing another motion if circumstances change and it becomes necessary to do so as the case progresses.

**SO ORDERED.**

Dated: October 13, 2022

DAVID W. DUGAN
United States District Judge