IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL DUANE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1388-DWD |
| | ) |
| CODY WILEY, | ) |
| MICHAEL HALUCH, | ) |
| DANNY ALLISON, | ) |
| DYLAN PRATHER, | ) |
| WOODROW HALL, | ) |
| THOMAS COPPOTELLI, | ) |
| GARY CROWE, | ) |
| VILLAGE OF CASEYVILLE, IL, and | ) |
| MICHAEL REEL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Carl Duane Edwards asserts civil rights violations against Defendants Cody Wiley, Michael Haluch, Danny Allison, Dylan Prather, Woodrow Hall, Thomas Coppotelli, Gary Crow, Michael Reel, and the Village of Caseyville, Illinois ("Defendants") related to multiple encounters occurring in 2020 and 2021. Following a preliminary screening of Plaintiff's Complaint, the Court concluded that the following claims survived dismissal under 28 U.S.C. § 1915A:

**Count 1**: Defendants Hall, Wiley, Coppotelli, and Crowe violated Plaintiff's Fourth Amendment rights by placing him under arrest without a warrant or probable cause on September 10, 2020 and for using excessive force.

> **Count 2**: Defendants Wiley, Haluch, and Reel violated Plaintiff's Fourth Amendment rights by forcing their way onto Plaintiff's property and arresting him without a warrant or probable cause on October 7, 2020.
>
> **Count 3**: Defendant Allison violated Plaintiff's Fourth Amendment right by removing Plaintiff's personal property from his home without a warrant or probable cause.
>
> **Count 5**: Defendants Hall and Prater violated Plaintiff's First and Fourth Amendment rights by placing Plaintiff under arrest without a warrant or probable cause, with excessive force, and in retaliation for Plaintiff submitting a complaint to the FBI on June 7, 2021.
>
> **Counts 9**: Malicious prosecution by Caseyville resulting from Plaintiff's arrests on September 10, 2020 and October 7, 2020.

(Doc. 11; Doc. 26).

Now before the Court is Defendants' Motion to Dismiss (Doc. 29). Defendants seeks dismissal of Plaintiff's Complaint under the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. Ann. 10/1-101, *et seq.* and further argue that they are entitled to qualified immunity. Plaintiff opposes the Motion (Doc. 30).

The Motion was filed on behalf of "All Defendants." However, the Motion did not include Defendant Cody Wiley as a Movant. Further, the Motion named three additional Movants who are not currently named defendants in this matter. These additional Movants are the Caseyville Police Department, Philip Tamburello, and Gerald W. Scott Sr. (Doc. 29). The Caseyville Police Department has not been named as a defendant in this matter (Doc. 7), and no party has moved to add or substitute Caseyville Police Department as a party. Further, the Court dismissed the claims against Defendants Tamburello and Scott in its February 2022 screening order for a failure to state a claim (Doc. 11). Accordingly, the Court will not review the immunity issues raised by the

2

Motion to Dismiss as they could be applied to these additional movants, as such issues are not currently before the Court.

## Background

As further detailed in the Court's screening order (Doc. 11; Doc. 26), Plaintiff's Complaint alleges the following encounters between the parties occurring in 2020 and 2021. On September 10, 2020, Defendants Hall, Wiley, Coppotelli, and Crowe approached Plaintiff and his partner at Plaintiff's home in Caseyville, Illinois, and falsely accused Plaintiff of unlawfully brandishing a firearm. Plaintiff denied having a firearm, yet Defendant Wiley placed Plaintiff in handcuffs. The police report for the incident contained false information and did not indicate that Plaintiff had been placed under arrest.

On October 7, 2020, Defendants Wiley and Haluch came to Plaintiff's residence and threatened to tase Plaintiff if he did not come outside. Plaintiff opened the door and Defendants Wiley and Haluch grabbed Plaintiff, dragging him out of his home and pushing him to his stomach on his porch. Defendant Haluch entered Plaintiff's home without a warrant and picked up Plaintiff's 22-month-old daughter. Defendants Wiley Haluch, and Reel searched Plaintiff's pockets and home, taking property from his home, and causing damage to the inside of Plaintiff's residence. Defendant Allison removed Plaintiff's dog from his home. Defendant Wiley transported Plaintiff to Caseyville Police Station. Plaintiff claims that the officers lied in the narrative for the police incident. Following the encounter, Plaintiff was subsequently charged with resisting a peace officer in St. Clair County, Illinois.

On June 7, 2021, Plaintiff and his partner submitted a formal complaint to the Federal Bureau of Investigation's office in Fairview Heights concerning the Caseyville Police Department. Later that day, Defendants Hall and Prather arrested Plaintiff and his partner while Plaintiff was inside his grandmother's house in Caseyville, Illinois. Defendants did not tell Plaintiff why he was arrested and threatened violence against him multiple times. Defendant Prather further shoved Plaintiff's relatives and two-year-old daughter into an entertainment stand inside the residence. Plaintiff was charged with disturbing the peace and resisting arrest.

Plaintiff submitted multiple complaints against the Caseyville Police Department to Coppotelli, Caseyville's Chief of Police, and Caseyville's Village President, Gerald W. Scott, Sr. However, Coppotelli and Scott did not take any action concerning the incidents. As a result of these incidents, Plaintiff claims he has suffered a concussion and other medical conditions and cannot maintain employment. Plaintiff and his family now suffer from mental anguish, anxiety, and paranoia. Plaintiff seeks compensatory damages in the amount of 3.1 million dollars, punitive damages in the amount of $500,000, and injunctive relief.

**Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), a

4

court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted).

## Discussion

Defendants seek to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6) on immunity grounds. Specifically, Defendants argue that the Individual Defendants were all employed as police officers of the Village of Caseyville and thus entitled to qualified immunity or statutory immunity under the Illinois Tort Immunity Act. The doctrine of qualified immunity often bars suits brought against law enforcement for a violation of constitutional rights. However, qualified immunity warrants dismissal at the pleading stage only when the plaintiff's well-pleaded allegations, "taken as true, do not 'state a violation of clearly established law.'" *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (citing *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)). To overcome qualified immunity, Plaintiff's complaint must contain facts indicating that Defendants violated his constitutional rights, and the right violated was clearly established at the time of the violation. *See id.*

As the Seventh Circuit has opined, dismissal under 12(b)(6) is not always, if ever, "the most suitable procedural setting to determine whether an official is qualifiedly immune, because immunity may depend on particular facts that a plaintiff need not plead

5

to state a claim." *Hanson*, 967 F.3d at 589. "Because a qualified immunity defense so closely depends 'on the facts of the case,' a 'complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.'" *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (quoting *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)). Importantly, the right to be free from excessive force by a police officer is clearly established in the general sense. *See Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 687 (7th Cir. 2007). So is the right to be free from retaliatory actions for "speaking out." *See Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). Here, Plaintiff has sufficiently asserted violations of these broad constitutional rights, and, at this early stage, the Court cannot say that Defendants should be free from suit based on the current factual record before the Court. *See Hanson*, 967 F.3d at 590.

For similar reasons, the Court also cannot say that Plaintiff's claim should be dismissed under the Illinois Tort Immunity Act. Relevant here, the Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 Ill. Comp. Stat. Ann. 10/2-202. "Willful and wanton conduct" is defined under the Act as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 Ill. Comp. Stat. Ann. 10/1-210; *see also Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001). Typically, whether one's actions amount to willful or wanton conduct is a question of fact that cannot be resolved on a motion to dismiss. *See Phipps v. Adams*, No. CIV. 11-147-GPM, 2012 WL 686721, at *4 (S.D. Ill. Mar.

2, 2012) (citing *Smith*, 242 F.3d at 744). Here, Plaintiff alleges that Defendants intentionally fabricated facts in their police reports and acted without probable cause in causing his arrest and seeking criminal charges against him on multiple occasions. At this stage, these allegations are sufficient to overcome dismissal.

For these reasons, Defendants' Motion to Dismiss is **DENIED**. However, the Court is mindful that there are a "variety of means" to dispose of immunity issues "at the earliest possible stage, so that a defendant who is immune from suit is not put through the time, effort and expense of defending himself against a claim upon which, ultimately, no relief can be granted." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000) (citing *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)). Defendants are of course free to use these alternative avenues should they be warranted at later stages in these proceedings.

## Additional Motions

In addition to Defendants' Motion to Dismiss, Plaintiff has filed multiple motions with the Court, including his Motion for Recruitment of Counsel (Doc. 36), Motion to Proceed without Prepaying Court Costs or Fees (Doc. 37), Motion to Compel (Doc. 38), and Motion for Directed Verdict (Doc. 39). Defendants have also filed a Motion for Protective Order (Doc. 47) asking this Court to appoint a Special Master or other protections for Plaintiff's deposition testimony. Related to this Motion for Protective Order, the Court recently received a Letter from Plaintiff accusing Defendants' counsel of sending a malicious PDF attachment via email to Plaintiff's computer (Doc. 48). In reviewing these Motions and relevant responses, the Court issues the following rulings:

Plaintiff's Renewed Recruitment of Counsel (Doc. 36) is **DENIED, without prejudice**.  When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The Court previously found that Plaintiff had made sufficient attempts to retain counsel on his behalf, satisfying the first prong (Doc. 11).  However, the Court is still not inclined to appoint counsel at this time.  Plaintiff's filings in this matter continue to show that he can articulate clearly and effectively on his own behalf.  Further, as the case is still in its infancy, there is currently no apparent complexity requiring counsel.  Plaintiff may renew his request by filing another motion if circumstances change and it becomes necessary to do so as the case progresses.

Plaintiff's Motion to Proceed without Prepaying Court Costs (Doc. 37) is **DENIED**. By this Motion, Plaintiff seeks to have the costs of twelve witness depositions prepaid by the Court.  However, Plaintiff has not identified a source of authority that would permit the Court to advance costs of these discovery expenses on his behalf, and the Court declines to do so. *See Wallace v. Rojas*, No. 09-1286, 2010 WL 4555327, at *2 (C.D. Ill. Nov. 2, 2010) ("[T]he court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)"); *Stewart v. Walker*, No. 05-1210, 2007 WL 3348359, at *2 (C.D. Ill. Nov. 5, 2007) ("[The] court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C.

Sec. 1915(a)."); *see also Salami v. Trombley*, No. 19-11558, 2021 WL 1253300, at *1 (E.D. Mich. Apr. 5, 2021) (collecting cases, and reasoning that there is no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff). In addition, the court is not authorized to pay or waive the statutory fee for witnesses who are subpoenaed to attend a deposition. *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987);

Plaintiff's Motion to Compel (Doc. 38) is **DENIED, without prejudice**. The parties have not yet complied with the Court's discovery dispute procedures in Judge Dugan's Case Management Procedures. Accordingly, Plaintiff may renew his Motion to Compel, if appropriate and after complying with the Court's discovery procedures. A copy of Judge Dugan's Case Management Procedures is available on the District Court's website.

Plaintiff's Motion for Directed Verdict (Doc. 39) is also **DENIED, without prejudice**. To the extent Plaintiff seeks to move for judgment as a matter of law under Fed. R. Civ. P. 50(a) (judgment as a matter of law in a jury trial), his Motion is premature. *See* Fed. R. Civ. P. 50(a)(1)-(2) (a motion for judgment as a matter of law may be made after a party has been fully heard on an issue during a jury trial and before the case is submitted to the jury). Likewise, to the extent Plaintiff is moving for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), this Motion is also premature as the pleadings are not yet closed. *See* Fed. R. Civ. P. 12(c) (a motion for judgment on the pleadings may be made after the pleadings are closed). Nevertheless, even if the Court overlooked these procedural discrepancies, which it will not do, to be entitled to judgment here, Plaintiff "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020). At this stage of the

9

proceedings, there are simply too many unresolved disputes of facts concerning the parties' interactions, such that it is not "beyond doubt" that Plaintiff is entitled to relief. *See id.* Plaintiff may, of course, renew these arguments, if appropriate, at later stages in these proceedings.

Finally, by separate notice, the Court will set a hearing on Defendant's Motion for Protective Order (Doc. 47). At such time, the Court will also address any issues related to the accusations at issue in Plaintiff's Letter, dated May 1, 2023 (Doc. 48).

**SO ORDERED.**

Dated: May 4, 2023

_____
DAVID W. DUGAN
United States District Judge