IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL DUANE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-cv-1388-DWD |
| | ) |
| CODY WILEY, | ) |
| MICHAEL HALUCH, | ) |
| DANNY ALLISON, | ) |
| DYLAN PRATHER, | ) |
| WOODROW HALL, | ) |
| THOMAS COPPOTELLI, | ) |
| GARY CROWE, | ) |
| VILLAGE OF CASEYVILLE, IL, and | ) |
| MICHAEL REEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DUGAN, District Judge:**

Now before the Court are two documents filed by the parties: Defendants' Motion for Appointment of Special Master or Motion for Protective Order (Doc. 47) and Plaintiff's Letter dated May 1, 2023 (Doc. 48). On May 17, 2023, the Court held a hearing on both documents (Doc. 52). Plaintiff appeared *pro se*, and Defendants appeared through their counsel, Attorney Kerry Banahan of Evans & Dixon, LLC. After hearing from the parties, and having considered the parties' arguments and briefing, the Court issues the following rulings.

### Discovery Progress

In this matter, Plaintiff Carl Duane Edwards asserts civil rights violations against Defendants related to multiple encounters occurring in 2020 and 2021. Plaintiff's claims

1

are more fully detailed in the Court's prior screening orders (Docs. 11, 26) and the Court's order denying Defendants' Motion to Dismiss (Doc. 51).  This matter is currently set for a jury trial on April 15, 2024 (Doc. 27), so the Court heard from the parties concerning the status of discovery in this case.  The parties stated that they are presently engaging in written discovery, and intend to conduct depositions soon.  Defense counsel represents that she intends to depose Plaintiff.  While Defendants previously considered deposing Plaintiff's partner, Brandy Cherry, at this time they are only pursuing Plaintiff's deposition.  Plaintiff represented that he could not afford to conduct any depositions of Defendants.

While the end of discovery is not set until November 22, 2023 (Doc. 35), the Court's Scheduling and Discovery Order set a deadline of March 15, 2023 for Defendants to take Plaintiff's deposition (Doc. 35).  However, due to the pending motions, Defendants seek leave to amend this deadline.  Fed. R. Civ. P. 29 does not require the parties to obtain leave to amend discovery deadlines that do not interfere with the time set for completing discovery, for hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29(b) ("Unless the court orders otherwise, the parties may stipulate" to "extending the time for any form of discovery" so long as the stipulation would not interfere "with the time set for completing discovery, for hearing a motion or for trial."). Nevertheless, considering the issues presently before the Court, good cause exists to extend the date for taking Plaintiff's deposition.  Accordingly, the deadline for taking Plaintiff's deposition is **RESET** to **July 3, 2023**.

In resetting this deadline, the Court further **SETS** the following parameters concerning the parties' depositions:

1. As agreed to by the parties, Defendants' deposition of Plaintiff may occur electronically by Zoom. Defendants' law firm, Evans & Dixon, will send the required notices for Plaintiff's deposition. Moreover, to prevent potential issues with recording the deposition and avoiding other disruptions, Plaintiff will attend the deposition by himself and secluded from his family members.

2. In the event Defendants depose Plaintiff's partner, Brandy Cherry, as a fact witness in this matter, Plaintiff is entitled to be present at Ms. Cherry's deposition. However, no other individuals shall accompany Plaintiff and Ms. Cherry at her deposition, unless otherwise agreed to by the parties.

Given these parameters, Defendants **WITHDRAW** their Motion for the Appointment of Special Master or Motion for Protective Order (Doc. 47).

Should the parties require additional discovery rulings from the Court, they are **DIRECTED** to review the Court's Discovery Procedures in Judge Dugan's Case Management Procedures, available on the District Court's website. The parties are further reminded that they must cooperate in discovery in good faith. This includes being deposed, and Plaintiff is warned that a failure to subject himself to deposition, may result in sanctions, including the dismissal of this action, pursuant to Fed. R. Civ. P. 37(b)(2).

**Plaintiff's Letter dated May 1, 2023 (Doc. 48)**

On May 1, 2023, Plaintiff filed a Letter with the Court accusing Defendants' counsel, Kerry Banahan, and Evans & Dixon, LLC of sending a file via email to Plaintiff's computer which allegedly contained a malware, virus, or other corruption that has the potential to become malicious (Doc. 48).

In response, Defendants submitted an affidavit from Attorney Banahan and Jeff Sheldon, the Chief Information Officer at Evans & Dixon (Docs. 51-1, 51-2). Attorney Banahan stated that once she received Mr. Edwards' email raising concerns over malware/spyware, she contacted the IT Department at Evans & Dixon to evaluate the document for any potential threats (Doc. 51-1, ¶ 10). She further testified that she did not personally place malware or spyware on any document sent to Mr. Edwards, either on April 26, 2023 or anytime relevant to this matter (Doc. 51-1, ¶ 11).

In his Affidavit, Mr. Shelton detailed his training and experience as the Chief Information Officer at Evans & Dixon, where he oversees the operation of information technology (Doc. 51-2, ¶ 2). Mr. Shelton stated that cyber security is a top priority and concern for Evans & Dixon, and that the law firm takes detailed measures to ensure the safety of documents generated within the firm's system (Doc. 51-2, ¶¶ 3-5). Mr. Shelton further stated that he investigated the correspondence alleged to have contained malware. This investigation involved scanning the correspondence through a third-party vendor, VIRUSTOTAL, which scanned the correspondence across different anti-virus scan engines (Doc. 52-2, ¶¶ 8-9). Following his investigation, Mr. Shelton "found no

indication of a virus" and stated that he is "confident that the document, as sent to Mr. Edwards, did not contain malware, spyware or other viruses." (Doc. 52-2, ¶ 9).

Plaintiff did not present other evidence to corroborate his allegations or to show that his computer had been subject to malware or other viruses. Accordingly, the Court **FINDS** no evidence that Evans & Dixon, or its counsel, intentionally or otherwise sent Plaintiff an email containing a malware or virus. Considering this finding, the Court finds no reason for the parties to avoid engaging in electronic communication going forward in this matter. Accordingly, the parties are directed to continue litigating and communicating electronically as may be appropriate. Plaintiff is further reminded that a failure to respond to communications in this matter may constitute grounds for dismissal for failing to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: May 16, 2023

_____
DAVID W. DUGAN
United States District Judge